UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHILIP SARNER,

                              Plaintiff,

        v.

NYPD 75PCT, KINGS COUNTY DISTRICT
ATTORNEYS OFFICE, JOHN DOE 1, and JOHN
DOE 2,

                              Defendants.

**MEMORANDUM AND ORDER**
22-CV-4454 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

Philip Sarner ("Plaintiff"), proceeding pro se, brings this action against the NYPD 75pct

("NYPD"), the Kings County District Attorney's Office ("KCDA"), and two John Doe

defendants, ("Doe," and together with NYPD and KCDA, "Defendants") pursuant to 42 U.S.C.

§ 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978),[1] alleging false arrest

and excessive destruction of property.  The Court grants Plaintiff's application to proceed *in

forma pauperis* ("IFP") pursuant to 28 U.S.C § 1915(a) (ECF No. 1).

## BACKGROUND[2]

On September 11, 2020, Plaintiff was stopped at a red light on Pitken Avenue in

Brooklyn, when he was arrested without probable cause.  (Compl. at 5, ECF No. 2.)  During the

arrest, an officer from the NYPD broke Plaintiff's window.  (*Id.*)  Plaintiff alleges that all of the

charges against him were dismissed.  (*Id.*)

---

[1] In keeping with the requirement that courts are to liberally construe *pro se* complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), the Court construes Plaintiff's complaint to assert claims pursuant to § 1983.

[2] The following facts taken from the complaint (ECF No. 2) are assumed to be true for the purpose of this memorandum and order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of it, that fails to state a claim on which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or that is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  Of course, in reviewing the sufficiency of an IFP complaint, the Court is obliged to construe it liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims] that [it] *suggest*[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases has its limits.  *Id.* at 475 (citation omitted).  To state a claim, a *pro se* complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id*.  While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true."  *Id*. (citations omitted).

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Thus, to state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

At the outset, Plaintiff's § 1983 claim against the NYPD must be dismissed because it is a "non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. Therefore, Plaintiff's § 1983 claim against NYPD, which is any agency of the City, is

3

dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Antonetti v. City of New York*, No. 20-CV-5109, 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022) (dismissing claims against NYPD because it "cannot sue or be sued"); *Salaam v. City of New York*, No. 21-CV-3172, 2021 WL 3472660, at *1 (E.D.N.Y. Aug. 6, 2021) (same).

Similarly, the KCDA must is not a proper defendant because it is an administrative arm of a municipality that "do[es] not have a legal identity separate and apart from the municipality." *David v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002).  Accordingly, Plaintiff's § 1983 claim against KCDA is dismissed.  *See Mitchell v. Elliott*, No. 2019 WL 135555, at *2 (E.D.N.Y. Jan. 8, 2019) (dismissing § 1983 claims against KCDA because it is "not a 'person' acting under state law" (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989))); *see also Bristol v. Probation Dep't of Nassau Cty.*, No. 14-CV-6647, 2016 WL 873336, at *1 n.1 (E.D.N.Y. Mar. 8, 2016) (dismissing § 1983 against Nassau County District Attorney's office).

Plaintiff has, however, stated a claim for false arrest and excessive destruction of property against Does 1 and 2.  Plaintiff claims that the police officers arrested him without cause.  Liberally construed, Plaintiff has sufficiently alleged that "(1) the [officers] intended to confine plaintiff, (2) [] plaintiff was conscious of confinement; (3) [] plaintiff did not consent to confinement; and (4) confinement was not otherwise privileged." *Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 377 (E.D.N.Y. 2013).  In addition, Plaintiff alleged that Does 1 and 2 broke his window, which is sufficient here to state a claim. *Foreman v. Beckwith*, 260 F. Supp. 2d 500, 505 (D. Conn. 2003) (holding that plaintiffs stated a property damage claim based upon allegation that officers unreasonably damaged their property during execution of search warrant).

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims against the NYPD and KCDA are dismissed for failure to state a claim upon which relief may be granted.  In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court hereby directs the Corporation Counsel of the City, no later than 45 days from the date of this memorandum and order, to ascertain the identities of Does 1 and 2.  The Corporation Counsel shall provide to the Court the full names of Does 1 and 2 and the addresses at which they can be served.  Once the names are ascertained, Plaintiff's complaint shall be deemed amended to reflect the full names of Does 1 and 2, summons shall issue, and the Court shall direct service.  A copy of this memorandum and order, and complaint, shall be mailed to the Corporation Counsel, Special Federal Litigation Division. The action is referred to Magistrate Judge James R. Cho for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  
       December 7, 2022

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

5